# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

Deon Thompson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 95-80919-04

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

On September 28, 2006 defendant was arrested for Felony Firearm by DPD. Defendant allegedly failed to notify his probation officer with-in 72 hours of his law enforcement contact. His probation officer never learned of either his arrest or the subsequent bench trial on January 25, 2007 from the defendant. (Defendant was acquitted). Defendant argues that he gave timely written notification of his arrest to his then probation officer, Mr. Floyd Anderson. (continue on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 4, 2007 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The issue of where Mr. Thompson resides is troubling to this court. According to the petition, on the date of his arrest, September 28, 2006 Defendant was found in a bedroom with a female at 437 Jefferson Court in the city of Detroit. The investigator's report states that defendant told the police that he resided at Jefferson Court address. In this court, defendant stated that he has never resided at Jefferson Court, and that he has lived continuously at 5399 Spokane. Probation did not find him at the Spokane address and thought the house was deserted.

This defendant has failed to submit monthly reports for the months of September 2006, November 2006, January 2007, February 2007, March 2007, April 2007, May 2007 and June 2007. Furthermore, Probation was unable to get verification from his stated employer, Dynasty Limos in Southfield, Michigan that he in fact was employed by them.

Probation alleges that defendant has had no contact with his supervisor since March, 2007. His telephone was not in service on March 26, 2007 when Ms. Wilkerson called his home. A letter was sent on the same date directing defendant to report. A certified letter was sent to Mr. Thompson on April 11, 2007. The certified letter was not returned. The defendant again failed to report.

Defendant claims that he has regularly filed his monthly report forms and reported his employment and that all of the required reporting documents are contained in the files maintained by his various probation officers.

Defendant seems to be unable or willing to comply with the conditions of his supervised release. It is this Court's opinion that he would be likewise unable to comply with the conditions of bond. Pretrial believes he is an absconder from their supervision. A hearing is scheduled before Judge Zatkoff on June 12, 2007 at 10:00 a.m. Detention is Ordered pending Judge Zatkoff's hearing.